WATERHOUSE *vs.* GIBSON & AL.

There is no difference between a conveyance by extent, and a conveyance by deed, in the rules of construction to be applied to them.

The extent of an execution on the debtor's land, conveys to the creditor all the debtor's buildings standing on the land, whether their foundations are sunk below the surface or not.

And parol evidence is not admissible to shew that certain buildings were not included in the appraisement, but were reserved by mutual consent, to be removed by the debtor, the returns of the appraisers and sheriff not stating any such exception.

THIS was an action of trespass *quare clausum fregit*, for taking a barn and blacksmith's shop from the plaintiff's land; and was tried before *Preble J.* upon the pleas of not guilty, and a license from the plaintiff.

It appeared that the *locus in quo* was set off to *Cotton B. Brooks, April* 11, 1821, under an execution in his favor against *James Jack*, one of the defendants; and that the plaintiff had purchased the same land of *Brooks*, by deed dated *July* 27, 1822, referring to the returns on the execution for a description of the land. These returns were in common form, describing the land by metes and bounds, and containing no exception or reservation

Waterhouse *v.* Gibson & al.

of the buildings. The fact of their removal by the defendants was not contested.

The defendants offered to prove that at the time of the extent, the creditor's attorney, considering the buildings as of little worth, and expensive to the creditor, directed the officer and appraisers not to set them off ; but to appraise sufficient land, exclusive of the buildings, to satisfy the execution ; which they did;—that at the time of receiving livery of seisin, the attorney declared that the buildings were not the creditor's, but that they belonged to *Jack,* who might take them away when he pleased ;—that the attorney himself drew up the returns of the appraisers and of the officer, in doing which he intended to have inserted the exception of the buildings, but accidentally omitted it;—that the buildings stood on blocks, without any foundations sunk in the ground ;—and that the present plaintiff, before he purchased the land, knew that they were not appraised, nor in fact included in the extent, but were left for the debtor.

This evidence the Judge rejected, but saved the point for the opinion of the court; a verdict being returned for the plaintiff, for the value of the buildings.

*Dana* and *Greenleaf,* for the defendants, insisted that as the extent created no contract between the creditor and debtor, but was only a statute license to the creditor to enter into the debtor's freehold, and appropriate to himself, at his pleasure, sufficient land to pay the debt ; every act of his should receive a strict construction ; and property which he expressly rejected, ought not to be forced into his hands. The evidence, therefore, should have been admitted, either as shewing the creditor's express renunciation of all title to these buildings ; in which case, even if fixtures, they might be treated as personal property, on the same footing with standing trees, sold in prospect of severance from the soil; *Crosby v. Wadsworth* 6 *East* 602 ;—or, as going to prove a license from *Brooks* to the defendants, to enter and take away the buildings, to which the plaintiff assented.

They further contended, 1st—that these buildings were not fixtures, as they merely rested on the surface of the earth, with-

out foundation in the soil; were not appurtenant to any dwelling house, and had no higher character than the same quantity of materials deposited on the ground ;—and 2dly—that if they were fixtures, they ought to be regarded as erections made for the benefit of trade, and belonging to *Jack*, who, as to them, was tenant at will of the *locus in quo* after the levy, and might lawfully remove them at his pleasure. *Dean v. Allaly* 3 *Esp.* 11. *Elwes v. Maw* 3 *East* 38.

*Fessenden*, for the plaintiff, denied that there was any sound distinction between a conveyance by extent, and one by deed, as to the rules of interpretation to be applied to them ; and argued that whenever the owner of the soil conveys his estate, all his erections pass by the conveyance, however founded. The cases cited on the other side are exceptions to this general rule, introduced for the benefit of trade only, and in cases where the erections are made by a tenant. If then the buildings would pass by deed, and the extent is to be treated as such a conveyance, the evidence was properly rejected, as it went to contradict the highest species of written testimony.

As to a licence, the attorney had no authority to grant one ; and if he had, it was revoked by the deed to the plaintiff.

WESTON J. delivered the opinion of the court.

In determining whether the barn and shop in question belonged to the plaintiff, we must regard the levy of *Brooks*, upon the land of his execution debtor *Jack*, as having the same effect, as if the latter had passed the land to the former by deed. *Jack* was the owner of the buildings, as well as of the land ; and if he had conveyed the land by deed, without any exception or reservation, we entertain no doubt that the buildings thereon standing would have passed. Land, says *Coke*, includeth all castles, houses, and other buildings ; so as passing the land or ground, the structure or building thereupon passeth therewith. *Coke Lit.* 4 *a.*

In certain cases, where land is leased, in favor of the lessee, for the benefit of trade, and to promote the purposes of justice, buildings erected by him are not considered as belonging to the

owner of the soil ; but as the personal property of the lessee, and as such removable by him. Erections of this sort standing on blocks, and not on permanent foundations fixed in the ground, are very generally regarded as the personal estate of the lessee. And, for the benefit of trade, his rights have been still further extended. In *Penton v. Robart* 2 *East* 88, he was held justified in removing a building of wood, erected by himself on a foundation of brick ; for the purpose of carrying on his trade. But in *Elwes v. Maw*, 3 *East* 38, cited in the argument, a tenant in agriculture, having erected, at his own expense, several buildings for the accommodation of the farm, the court held that he could not remove them ; although he left the farm as he found it. In this case a distinction was taken between erections for the benefit of trade, and for the use of a farm. But there never could have been any question whether buildings, like those described in these cases, belonging to the owner of the land, would pass to the grantee by a conveyance of the land, upon which they were erected. The cases in which buildings erected by the lessee, are held to be personal property, are exceptions to the general rule of law, by which they are regarded as real estate ; passing as such, by deed or devise of the land, and descending to the heir, as a part of the inheritance.

The levy, operating upon the buildings, as well as the land, it was not competent to show that the former was excepted, by parol testimony. This would be materially to vary and modify, by parol, the effect of written evidence, which by law is clearly inadmissible.

The opinion of the court is, that the evidence offered was properly rejected by the Judge ; and that there must therefore be                                                 *Judgment on the verdict.*